UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLIE JOHN WILLIAMS,

    Plaintiff,

v.                                            Case No. 6:09-cv-912-Orl-28DAB

RICHIE ZAYAS, et al.,

    Defendants.

## ORDER

This case is before the Court on Defendant Richie Zayas' Motion to Dismiss the Complaint (Doc. No. 22) and Plaintiff's Response in Opposition to the Motion to Dismiss (Doc. No. 24). As discussed hereinafter, Defendant's Motion to Dismiss the Complaint is denied.

### I.    *Factual Background*[1]

Plaintiff, a federal prisoner proceeding *pro se*, filed the instant civil rights action alleging that Defendant Zayas, a special agent for the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), and other unknown ATF agents used excessive force against him in violation of the Eighth Amendment. (Doc. No. 6 at 8.) In support of his claim, Plaintiff provides the following allegations.

On or about June 14, 2007, Plaintiff and two other individuals met with Defendant

---

[1] The following statement of facts is derived from Plaintiff's Amended Complaint (Doc. No. 6), the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

Zayas at a restaurant in Orlando, Florida. (Doc. No. 6 at 8.) During the meeting, Defendant Zayas directed Plaintiff to drive across the street to a storage facility to discuss a robbery they had planned and to show Plaintiff where to leave Defendant Zayas' share from the robbery. *Id.* Plaintiff did not know that Defendant Zayas was an ATF agent at that time. *Id.*

After parking his vehicle in the parking lot of the storage facility, Plaintiff exited his vehicle. *Id.* at 9. Defendant Zayas told Plaintiff to follow him to the storage facility which Defendant had rented in connection with the robbery. *Id.* Defendant Zayas would not give Plaintiff the key to the facility, and Plaintiff returned to his vehicle. *Id.* When Plaintiff entered his vehicle, he leaned over in order to allow his nephew to light a cigarette for him. *Id.* At that point, Plaintiff, who heard a commotion outside of his vehicle, looked up and observed men dressed in fatigue clothing pointing guns at him and the other passengers of the vehicle. *Id.*

Plaintiff instinctively put his hands on the steering wheel so that the men could see his hands. *Id.* Defendant Zayas and the other men, however, began to fire their weapons numerous times, and Plaintiff was hit several times. *Id.* Plaintiff was temporarily blinded and subsequently discovered that he had been hit in his left upper chest and above his left eye. *Id.* As a result of the incident, Plaintiff has had to seek counseling. *Id.*

## II.    *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to

the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, 2008 WL 552590, Case No. 6:07-cv-1514-Orl-22KRS (M.D. Fla. Feb. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 127 S. Ct. at 1969, 1974). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the

3

complaint's allegations are true." *Id.* at 1965. In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. Analysis

Defendant Zayas contends that the amended complaint must be dismissed because (1) he is entitled to qualified immunity, and (2) Plaintiff has failed to allege that Defendant Zayas' actions violated a clearly established constitutional law.[2] The Court will address Defendant's arguments in turn.

---

[2] As pointed out by Defendant Zayas, in Plaintiff's original complaint, he asserted jurisdiction pursuant to 28 U.S.C. §§ 1357 and 1346(b)(1). In his amended complaint, however, Plaintiff does not cite these statutes and only alleges that Defendant violated his Eighth Amendment right. Thus, it does not appear that Plaintiff is seeking to proceed pursuant to 28 U.S.C. §§ 1357 or 1346(b)(1).

Assuming, however, that Plaintiff does wish to proceed pursuant to either statute, the Court notes that 28 U.S.C. § 1357 is not applicable to this case based on the facts as alleged. *See* 28 U.S.C. § 1357 ("The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State."). Furthermore, as to 28 U.S.C. § 1346(b)(1), which provides that district courts have exclusive jurisdiction of civil actions on claims against the United States for personal injury caused by a Government employee acting within the scope of his employment, Plaintiff has not named the United States as a defendant. Moreover, 28 U.S.C. § 1346(b)(1) is the statute whereby an individual can proceed on a claim pursuant to the Federal Tort Claims Act ("FTCA"), and the FTCA requires a claimant to file an administrative claim with the appropriate agency, in this case the ATF. *See, e.g., Auger v. United States*, 2010 WL 2381498 (11th Cir. 2010); *see also* 28 U.S.C. § 2671. In the motion to dismiss, Defendant Zayas contends that Plaintiff has not filed an administrative claim with the ATF, and Plaintiff has not refuted this contention. Thus, Plaintiff may not proceed pursuant to 28 U.S.C. § 1346(b)(1). *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.").

4

Defendant Zayas first argues that Plaintiff cannot proceed pursuant to 42 U.S.C. § 1983 because Defendant Zayas is a federal actor. Although Defendant is correct, construing Plaintiff's action liberally, as the Court is required to do given Plaintiff is proceeding *pro se*, see, e.g., *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the action is properly brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Likewise, the Court construes Plaintiff's claim of excessive force during his arrest to allege a violation of the Fourth Amendment instead of the Eighth Amendment. *See Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) ("The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.").

Defendant Zayas next maintains that he is entitled to qualified immunity. In support of this argument, Defendant Zayas argues that Plaintiff has failed to allege in his complaint that Defendant Zayas' conduct violated clearly established constitutional law.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citation omitted) (quotation omitted). To be entitled to qualified immunity, a government official first must demonstrate that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Rich v. Dollar*, 841 F.2d 1558, 1563-64 (11th Cir. 1988) (quoting *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983)). If the defendant satisfies this burden, then the Court must grant qualified

immunity unless the plaintiff can demonstrate first, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the officers; and, second, that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). Courts are permitted to exercise discretion in determining which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson*, 129 S. Ct. at 818.

In the instant case, based on the allegations in the amended complaint, Defendant Zayas was acting in the scope of his discretionary authority when the incident occurred. Accordingly, the Court will consider whether Plaintiff has alleged a constitutional violation.

In an excessive force case arising out of an arrest, whether a constitutional violation occurred is governed by the Fourth Amendment's "objective reasonableness" standard. *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985), and *Graham v. Connor*, 490 U.S. 386 (1989)). A genuine "excessive force" claim relates to the manner in which an arrest was carried out, independent of whether law enforcement had the power to arrest. *Bashir v. Rockdale County, Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006). There are several factors used to determine whether an officer's use of force was objectively reasonable, such as: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether

the force was applied in good faith or maliciously and sadistically." *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000) (quoting *Leslie v. Ingram*, 786 F.3d 1533, 1536 (11th Cir. 1986)). Additionally, the Court should consider "the severity of the crime, whether the suspect posed an immediate threat, and whether the suspect [was] resisting or fleeing." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (citation omitted).

In this case, Plaintiff alleges that Defendant Zayas and other unknown agents fired their weapons numerous times after Plaintiff had put his hands on the steering wheel so that they could see his hands. (Doc. No. 6 at 9.) According to Plaintiff, he was hit several times. *Id.* Based on the allegations in the amended complaint, Plaintiff has sufficiently alleged a claim of excessive force in violation of the Fourth Amendment. In other words, at this time a determination cannot be made as to whether Defendant Zayas' use of force was objectively reasonable, and Defendant Zayas' motion to dismiss is denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Richie Zayas' Motion to Dismiss (Doc. No. 22) is **DENIED**.

2. Defendant Richie Zayas shall file an answer to the complaint within **FOURTEEN (14) DAYS** from the date of this Order. Thereafter, a scheduling order will be entered as to Plaintiff and this Defendant.

**DONE AND ORDERED** in Orlando, Florida, this 19 day of August, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/18

7

Charlie John Williams
Counsel of Record

8

Charlie John Williams
Counsel of Record